[Docket No. 12]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

DENNIS CACALORI and
DENISE CACALORI,

        Plaintiffs,

    v.

SELECT PORTFOLIO SERVICING,
*et al.*,

        Defendants.

Civil Action No. 25-14653
(RMB/SAK)

**OPINION**

**APPEARANCES**

DESH LAW, LLC
Amit Deshmukh, Esq.
1 Meadowlands Place, Suite 200
East Rutherford, New Jersey 07073

    *Attorney for Plaintiffs*

HINSHAW & CULBERTSON LLP
Ashley R. Newman, Esq.
800 Third Avenue, 13th Floor
New York, New York 10022

Marissa Edwards, Esq.
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830

    *Attorney for Defendants*

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court upon the Motion to Dismiss by Defendants Select Portfolio Servicing, Inc. ("SPS") and Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2018-3 (the "Trust," and together with SPS, the "Defendants") [Motion (Docket No. 12); Defs.' Br. (Docket No. 12-1)]. Defendants seek the dismissal of the Complaint [Docket No. 1-1] by Plaintiffs Dennis and Denise Cacalori ("Plaintiffs"). Plaintiffs have opposed the Motion [Pls.' Opp'n (Docket No. 13)]. Defendants have filed a reply brief in further support of the Motion [Defs.' Reply (Docket No. 14)].[1] The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' Motion to Dismiss will be **GRANTED**. Plaintiffs' claims will be **DISMISSED WITH PREJUDICE**.

---

[1]  Defendants ask this Court to grant their motion as unopposed because Plaintiffs' opposition brief was not timely filed. [Defs.' Reply at 1–2.] Defendants are correct that the Court may in its discretion disregard Plaintiffs' untimely brief in its entirety. *See U.S. Small Bus. Admin. v. Herbst*, 2011 WL 5526057, at *2 (D.N.J. Nov. 14, 2011) (declining to consider untimely opposition). That being said, although the Court may dismiss a case as unopposed, such dismissal is disfavored. *Brown v. DiGuglielmo*, 418 F. App'x 99, 102 (3d Cir. 2011) ("We made clear quite some time ago . . . our disfavor of dismissals under Rule 12(b)(6) for purposes of sanctioning a litigant."). And so, the Court must address even unopposed motions to dismiss a complaint on the merits. *Id.* ("a Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions.") (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)). Nonetheless, the Court expects full compliance with all applicable procedural rules.

## I.    FACTUAL BACKGROUND

Plaintiffs have owned their home in Burlington, New Jersey, since 2010, subject to a mortgage.  [Compl. ¶¶ 1, 10.]  Plaintiffs' mortgage was assigned to the Trust on March 3, 2020, via an assignment of mortgage recorded on April 21, 2020.  [Edwards Decl. Ex. C; [2] Compl. ¶ 37.]  Plaintiffs claim that the Trust failed to disclose to Plaintiffs that it was the new beneficiary of the mortgage within 30 days of the assignment.  [Compl. ¶ 38.]

In February 2021, the Trust filed a foreclosure action against Plaintiffs in the Superior Court of New Jersey after Plaintiffs allegedly failed to make necessary mortgage payments.  [Edwards Decl. Ex. A.]  Plaintiffs claim that, in May 2024, they submitted a complete loan modification application to its loan servicer, Defendant SPS, and requested a single point of contact.  [Compl. ¶¶ 2, 21.]  According to Plaintiffs, however, no single point of contact was assigned, and Defendants did not provide written acknowledgement of their loan modification application or otherwise communicate with Plaintiffs after the application was submitted.  [*Id.* ¶¶ 24, 29.]  Plaintiffs further allege that Defendants failed to evaluate all loss mitigation options available to them.  [*Id.* ¶¶ 33–34.]

---

[2]    This Court may consider matters of public record, such as the court filings attached as exhibits to the Declaration of Marissa Edwards, Esq. in support of Defendants' Motion to Dismiss the Complaint ["Edwards Decl." (Docket No. 12-2)], in addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Final judgment in the foreclosure action was entered against Plaintiffs on July 24, 2024. [Edwards Decl. Ex. B]. Ms. Cacalori, however, filed for bankruptcy protection on November 6, 2024, which temporarily stayed the foreclosure action. [*Id.* Ex. C.] The bankruptcy action was dismissed on January 8, 2025, after she failed to file the necessary documents. [*Id.*] At some point in January 2025, Plaintiffs also allegedly submitted a second loan modification application to SPS, requesting a single point of contact. [Compl. ¶ 13.]

Thereafter, a sheriff sale was scheduled for May 15, 2025. [*Id.* ¶ 14.] The day of the scheduled sale, however, Ms. Cacalori filed for bankruptcy protection a second time, which, again, temporarily stayed the foreclosure action. [Edwards Decl. Ex. D.] That bankruptcy action was dismissed on June 25, 2025, also due to Ms. Cacalori's failure to file the requisite documents. [*Id.*]

## II. PROCEDURAL HISTORY

Rather than participate in the foreclosure action, Plaintiffs filed the instant suit in state court on July 15, 2025. Plaintiffs assert the following claims against all Defendants under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"):

(1) Failure to provide homeowner with foreclosure options/alternatives in violation of 12 C.F.R. § 1024.40(B)(1)(i), allegedly enforceable through RESPA, 12 U.S.C. § 2605(f) [Compl. ¶¶ 16–19];

(2) Failure to provide a single point of contact in violation of 12 C.F.R. §§ 1024.40(a), (b), allegedly enforceable through RESPA, 12 U.S.C. § 2605(f) [Compl. ¶¶ 20–25];

(3) Failure to provide written acknowledgement of receipt of loan modification application in violation of 12 C.F.R. §§ 1024.41(c)(3)(i)(A–D), enforceable through RESPA, 12 U.S.C. § 2605(f) [Compl. ¶¶ 26–30];

(4) Failure to make a determination as to Plaintiffs' loss mitigation application within 30 days in violation of 12 C.F.R. §§ 1024.41(c)(1)(i), (ii), enforceable through RESPA, 12 U.S.C. § 2605(f) [Compl. ¶¶ 31–35]; and

(5) Failure to inform Plaintiffs that the mortgage had been assigned within 30 days of the assignment in violation of TILA, 15 U.S.C. § 1641(g) [Compl. ¶¶ 36–39].

In Plaintiffs' own words, these claims go "to the heart of the validity of the obligation and total amount owed as well as assumptions of the agreement, specifically the total amount owed." [Pls.' Opp'n at 2.]

Defendants removed the case to this Court based upon federal question jurisdiction on August 15, 2025. [Notice of Removal ¶ 9 (Docket No. 1).] On September 26, 2025, Defendants moved to dismiss the Complaint in its entirety. The briefing is now complete, and the motion is ripe for decision.

## III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. Courts will dismiss a complaint under Rule 12(b)(6) if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). When reviewing a motion to dismiss, courts must accept the complaint's well pled factual allegations as true and afford the plaintiff "every favorable inference to be drawn therefrom." *Malleus*, 641 F.3d at 563 (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). Courts will not accept "legal conclusions" as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 663.

A district court's role in reviewing the sufficiency of a complaint is thus limited: the issue is not "whether the plaintiffs will ultimately prevail" but "whether they are entitled to offer evidence to support their claims." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). "When presenting a Rule 12(b)(6) motion, the defendant bears the burden to show that the plaintiff has not stated a claim." *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016) (citation omitted).

Courts may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." *Schmidt*, 770 F.3d at 249 (citing *Pension Benefit*, 998 F.2d at 1196). Courts may also consider documents "integral to or explicitly relied upon in the complaint." *In re Rockefeller Ctr. Prop., Inc. Secs. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (citations omitted). That includes "any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Mator v. Wesco Distrib. Inc.*, 102 F.4th 172, 178 (3d Cir. 2024) (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016)). "Otherwise, a plaintiff with a legally deficient

claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit*, 998 F.2d at 1196.

## IV.   DISCUSSION

Defendants contend that the Complaint fails in its entirety and should be dismissed with prejudice because all of Plaintiffs' claims are barred by New Jersey's entire controversy doctrine.  And even assuming that the claims are not barred by the entire controversy doctrine, Defendants argue that each of Plaintiffs' claims is separately deficient and subject to dismissal.  Specifically, Defendants argue that there is no private right of action to enforce 12 C.F.R. § 1024.40, requiring the dismissal of Plaintiffs' first two counts.  Next, Defendants claim that Plaintiffs have not adequately pled that they submitted timely loss mitigation applications or suffered resulting actual damages, dooming each of their four RESPA claims.  The Trust also argues that Plaintiffs' RESPA claims cannot be asserted against it because it is not a "servicer" of the loan.  Finally, Defendants contend that Plaintiffs' TILA claim is time barred.

### A. The Entire Controversy Doctrine Bars All of Plaintiffs' Claims

New Jersey's entire controversy doctrine requires that a party "bring in one action all affirmative claims that it may have against another party, including counterclaims and cross-claims . . . or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 885 (3d Cir. 1997) (cleaned up).  In other words, "a party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *In re Mullarkey*, 536 F.3d

7

215, 229 (3d Cir. 2008).  This doctrine is codified in New Jersey Court Rule 4:30A, which provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine."

The Third Circuit has characterized the entire controversy doctrine as "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015) (quoting *Rycoline Prods.,* 109 F.3d at 886).  The doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." *Rodrigues v. Wells Fargo Bank, N.A.*, 751 F. App'x 312, 316 (3d Cir. 2018) (quoting *Wadeer v. New Jersey Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015)).  In plain language, the entire controversy doctrine "applies in federal courts when there was a previous state-court action involving the same transaction." *Id.*  The doctrine "bars not only claims that were brought in the previous action, but also claims that could have been brought." *Mullarkey*, 536 F.3d at 225.  "The goals of the doctrine are to avoid piecemeal decisions, promote judicial efficiency, and assure fairness to all parties with a material interest in an action." *Brunetta v. Egg Harbor Twp. Sch. Dist.*, 2023 WL 5274529, at *4 (D.N.J. Aug. 16, 2023) (collecting cases).

In the foreclosure context, the entire controversy has a "narrower application" and extends "only to 'germane' counterclaims." *Mullarkey*, 536 F.3d at 229; *see also*

8

N.J. Ct. R. 4:64-5 (requiring that only "germane" counterclaims may be joined in a foreclosure action).[3]  "The use of the word 'germane' in the language of the rule undoubtedly was intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the subject matter of the foreclosure action."  *Id.* at 229–30.  Germane counterclaims are those that "arise out of the mortgage that is the basis of the foreclosure action," *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 472 (3d Cir. 2011) (citing *Leisure Tech.-Ne.*, 349 A.2d at 98), and include claims relating to "payment and discharge, [and] incorrect computation of the amounts due." *LaSalle Nat. Bank v. Johnson*, 2006 WL 551563, at *2 (N.J. Super. Ct. Ch. Div. Mar. 3, 2006).

Plaintiffs contend that the entire controversy doctrine does not bar their claims. Yet in the same breath, Plaintiffs essentially concede that their claims are in fact germane counterclaims that must have been asserted in the foreclosure proceedings. Plaintiffs describe their claims as ones "contesting the validity of the obligation evidencing the mortgage debt, i.e. the loss mitigation and loan modification process." [Pls.' Opp'n at 2.]  They continue: "The causes of action listed in the complaint specifically contest the loan modification process, based on the representations from

---

[3]    "Non-germane claims are defined non-exclusively to include 'claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees.'" *Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Bos. MBS ARMT 2005-8*, 806 F. App'x 101, 105 (3d Cir. 2020) (quoting N.J. Ct. R. 4:64-5).  "But claims arising directly out of the mortgage that is the basis of the foreclosure action are 'germane' for purposes of the entire controversy doctrine." *Id.* (citing *Leisure Tech.-Ne., Inc. v. Klingbeil Holding Co.*, 349 A.2d 96, 99 (N.J. Super. Ct. App. Div. 1975)).

defendants during the said modification process.  This goes to the heart of the validity of the obligation and total amount owed as well as assumptions of the agreement, specifically the total amount owed." [*Id.*]

Plaintiffs' own characterization of their claims undermines their position entirely.  It is black letter law that "germane" claims include those that "attack the validity of the mortgage, the amount due, or the right of the [lender] to foreclose." *Shibles v. Bank of Am., N.A.*, 730 F. App'x 103, 107 n.5 (3d Cir. 2018) (quoting *Delacruz v. Alfieri*, 145 A.3d 695, 702 (N.J. Super. Ct. Law. Div. 2015)); *see also Ojo v. Hudson Cnty. Sav. Bank FSB*, 2022 WL 4820371, at *2 (3d Cir. Oct. 3, 2022) ("Pursuant to New Jersey's entire controversy doctrine, claims or defenses that go to the validity of the mortgage, the amount due, or the right of [the mortgagee] to foreclose must be raised in the foreclosure proceeding or they are forever barred.") (cleaned up).  As the New Jersey Appellate Division has made clear "any conduct of a mortgagee known to the mortgagor . . . that could be the basis of an independent action for damages by reason of the mortgagee having brought the foreclosure could be raised as an equitable defense in the foreclosure." *Zebrowski v. Wells Fargo Bank, N.A.*, 2010 WL 2595237, at *6 (D.N.J. June 21, 2010) (quoting *Sun NLF Ltd. P'ship v. Sasso*, 713 A.2d 538, 540 (N.J. Super. Ct. App. Div. 1998)).

So, too, does the relief sought in the Complaint.  Plaintiffs repeatedly request "a declaration that [they are] entitled to a true loan modification review" [Compl. ¶¶ 19, 25, 30, 35], which would require this Court to undo the state court's final foreclosure judgment.  Plaintiffs' Prayer for Relief similarly requests not just "a declaration that

[Plaintiffs are] due a true and significant loan modification," but also "an injunction enjoining [Defendants] from conducting further foreclosure activity, conducting a Trustee's Sale of the Subject Property and the recording of a Trustee Sale Deed." [*Id.* at Prayer for Relief ¶¶ 4, 5.] Plaintiffs' claims are essentially challenges to the foreclosure itself.[4] *See Leisure Tech.-Ne.*, 349 A.2d at 99 (claims are germane to the foreclosure action where "the thrust of the [claim] is the assertion that [Defendants] had breached the underlying agreement in relation to which the mortgage was executed and interfered with [Plaintiffs'] rights under that agreement.").

As Plaintiffs' pleadings make clear, their RESPA and TILA claims relate to and arise out of the same mortgage at issue in the foreclosure action and contest the validity of that mortgage, the amount due, and Defendants' ability to foreclose on the subject property. As made plain by Plaintiffs' requests for a loan modification and injunction preventing the foreclosure and sheriff's sale, the claims expressly challenge the propriety of the foreclosure. These are quintessential germane claims. *See, e.g.*, *Shibles*, 730 F. App'x at 107 n.5; *Delacruz*, 145 A.3d at 702.

Indeed, courts in this District routinely dismiss similar RESPA and TILA claims as germane counterclaims barred by the entire controversy doctrine. *See, e.g.*, *Howard v. Wells Fargo Bank, N.A.*, 2024 WL 4890984, at *2 (3d Cir. Nov. 26, 2024) (affirming dismissal of germane RESPA claims under entire controversy doctrine);

---

[4] There are no allegations in the Complaint that suggest that Plaintiffs' claims are independent of whether the foreclosure itself was proper. If Plaintiff believes the Court has misconstrued their allegations, they shall promptly advise the Court.

*Smith v. Towd Point Mortg. Tr.*, 2026 WL 885078, at \*6 (D.N.J. Mar. 31, 2026) (allegations "regarding violations of RESPA and TILA's notice requirements, while raising a federal question that can confer subject matter jurisdiction, 'are germane to the foreclosure action, and therefore, barred by the entire controversy doctrine.'") (quoting *Fung v. Wells Fargo Bank*, 2022 WL 475813, at \*7 (D.N.J. Feb. 16, 2022)); *Alston v. Bank of Am., N.A.*, 2019 WL 1650086, at \*3 (D.N.J. Apr. 17, 2019) (dismissing TILA claims as germane counterclaims barred by entire controversy because they challenge "the circumstances surrounding origination of the loan," "the validity of the loan itself" and because they arise "out of the mortgage transaction."); *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 549–50 (D.N.J. 2017) (finding that "[c]laims that loan servicers violated their statutory duties under RESPA [and TILA] are germane to foreclosure proceedings on the mortgaged property" and "arise out of and relate directly to the original mortgage transaction"); *Zebrowski*, 2010 WL 2595237, at \*6 (RESPA "claims are precisely the sort of claims that have been deemed germane by courts in that those claims challenge the origination and validity of the mortgage, arise out of the mortgage transaction, and dispute the amount due on the loan.").

To be sure, the entire controversy does not apply to claims that were unknown or had not yet accrued or arisen during the pendency of the foreclosure proceedings. *Mullarkey*, 536 F.3d at 229 (citing *Mystic Isle Dev. Corp. v. Perskie & Nehmad*, 662 A.2d 523, 530 (N.J. 1995)). But this uncontroversial statement of law is not relevant to the circumstances here. Plaintiffs' claims clearly arose before or during the pendency of the foreclosure action. Plaintiffs' TILA claim accrued in 2020, at the time the

12

mortgage was assigned to the Trust.  And the RESPA claims arose in connection with Plaintiffs' alleged loan modification applications purportedly submitted in May 2024 and January 2025, each during the pendency of the foreclosure action.  "[I]f a related claim arises during the pendency of litigation . . . a party is required to 'seek leave to file a supplemental pleading'" asserting those claims.  *Todaro v. Twp. of Union*, 27 F. Supp. 2d 517, 531 (D.N.J. 1998) (citing *McNally v. Providence Washington Ins. Co.,* 698 A.2d 543, 548 (N.J. Super. Ct. App. Div. 1997)).  Failure to do so results in the claim being barred by the entire controversy doctrine in a separate suit.  *Puche*, 256 F. Supp. 3d at 548.

This is the case even if any portion of Plaintiffs' RESPA claims arose in connection with the second loan modification application, allegedly made in January 2025, after the entry of final judgment.  In New Jersey, "[a] court retains jurisdiction in a foreclosure action even after a final judgment, until delivery of the sheriff's deed." *Coleman*, 446 F. App'x at 472 (citing N.J. Ct. R. 4:65-5; *Sovereign Bank, FSB v. Kuelzow*, 687 A.2d 1039, 1043 (N.J. Super. Ct. App. Div. 1997)); *see also Rogers v. Rushmore Loan Mgmt. Servs., LLC*, 2021 WL 1921586, at *4 (D.N.J. May 13, 2021) ("[A]s in *Coleman*, since Plaintiffs' claims in this case arose from events that occurred after final judgment, but before a sheriff's sale . . . Plaintiffs' claims are barred by the entire controversy doctrine.").

Accordingly, there is no doubt that Plaintiffs' RESPA and TILA claims are germane claims that not only could and should have, but must have been brought in the foreclosure proceedings.  Yet rather than raise these claims in the foreclosure

13

action, Plaintiffs apparently chose not to participate in the action at all.  The state court entered final judgment against them on July 24, 2024, [5] and scheduled a sheriff's sale of the subject property, which was delayed repeatedly due to Ms. Cacalori filing for bankruptcy protection.[6]  Then, nearly a year after final judgment was entered against them, Plaintiffs filed the instant action.  Under a routine application of the entire controversy doctrine, Plaintiffs' claims, which undeniably "go to the validity of the mortgage, the amount due, and the right of [Defendants] to foreclose" are "forever barred" as they were required to be brought in the underlying foreclosure action and were not.  *Ojo*, 2022 WL 4820371, at *2 (citing *Delacruz*, 145 A.3d at 708); *see also Rycoline Prods.*, 109 F.3d at 885 (3d Cir. 1997).  Accordingly, Plaintiffs' Complaint must be dismissed with prejudice.

---

[5]    It is of no import that the final judgment was entered after default had been entered against Plaintiffs.  [*See* Edwards Decl. Ex. B.]  There is no question that even a default judgment is a "valid, final judgment in the foreclosure action" that carries preclusive effect.  *Keyes v. Nationstar Mortg., LLC*, 2020 WL 6111036, at *7 (D.N.J. Oct. 16, 2020) ("The rule in New Jersey is that default judgment is a valid and final adjudication on the merits.") (collecting cases); *see also Howard v. Wells Fargo Bank, N.A.*, 733 F. Supp. 3d 352, 358 (D.N.J. 2024) ("under New Jersey law a default judgment counts as a judgment on the merits for claim preclusion purposes."), *aff'd,* 2024 WL 4890984 (3d Cir. Nov. 26, 2024).

[6]    The Court observes that each of Ms. Cacalori's bankruptcy petitions was promptly dismissed due to her own failure to file the necessary documents with the Bankruptcy Court.  [Edwards Decl. Exs. C, D.]  The Court questions whether these bankruptcy petitions were filed in good faith or merely as delay tactics.

### B. Plaintiffs' Claim-Specific Arguments Also Warrant Dismissal

Because the Court agrees with Defendant's threshold argument, the Court does not address Defendants' claim-specific arguments in depth, but finds that they too warrant dismissal. *See, e.g.*, *Brunetta*, 2023 WL 5274529, at \*3 ("Because the entire controversy doctrine is fully dispositive of this matter, the Court limits its analysis to whether preclusion of Plaintiff's claims is warranted on this basis alone."); *Collas v. Wells Fargo Bank, N.A.*, 2018 WL 6499706, at \*2 (D.N.J. Dec. 11, 2018) ("Because the [c]ourt rules that all of [p]laintiff's claims are barred by the entire controversy doctrine, it need not address [d]efendant's other arguments.").

### i.  Plaintiffs' RESPA Claims Fail for Numerous Reasons

Plaintiffs' RESPA claims fail for several independent reasons. First, Plaintiffs' first two counts seek to enforce 12 C.F.R. § 1024.40 through RESPA. But section 1024.40 "is an administrative regulation only; there is no private cause of action available to enforce [it]." *Wilson v. RoundPoint Mortg. Servicing Corp.*, 2022 WL 3913318, at \*6 (D.N.J. Aug. 31, 2022) (quoting *Stefanowicz v. SunTrust Mortg.*, 2017 WL 1103183, at \*7 (M.D. Pa. Jan. 9, 2017), *report and recommendation adopted,* 2017 WL 1079163 (M.D. Pa. Mar. 22, 2017), *aff'd,* 765 F. App'x 766 (3d Cir. 2019)). This is explicitly confirmed by the regulatory history of this provision, which states that "[t]he [Consumer Financial Protection] Bureau and prudential regulators will be able to supervise servicers within their jurisdiction to assure compliance with these requirements but *there will not be a private right of action to enforce these provisions.*" 78 Fed.

15

Reg. 10,696 at 10,697–98 (emphasis added).  Accordingly, the first two counts of the Complaint fail as a matter of law.

As to the third and fourth counts, which also allege RESPA violations, Plaintiffs do not allege that their loan modification applications were submitted "more than 37 days before a foreclosure sale," as required by 12 C.F.R. § 1024.41(c)(1), or that they suffered actual damages as a result of the alleged RESPA violations, an essential element of a RESPA claim.  *Lloyd v. New Jersey Hous. & Mortg. Fin. Agency*, 845 F. App'x 139, 144 (3d Cir. 2021) ("Courts have recognized that 'damages are an essential element in pleading a RESPA claim.'" (quoting *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016)).  Plaintiffs appear to concede these deficiencies, stating simply that "[s]pecific dates and damages will be further substantiated through discovery."  [Pls.' Opp'n at 5.]  The Court will not permit Plaintiffs "to conduct a fishing expedition in order to find a cause of action." *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006); *see also Giovanelli v. D. Simmons Gen. Contracting*, 2010 WL 988544, at *5 (D.N.J. Mar. 15, 2010) ("Discovery, however, cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded.") (citing *Twombly,* 550 U.S. at 127). Therefore, these claims also fail to state a claim and must be dismissed.[7]

---

[7]    Plaintiff admits that the Trust is an assignee, rather than servicer, of the mortgage loan.  [*See* Compl. ¶¶ 2, 3 (alleging that SPS is the loan servicer and the Trust is the current beneficiary of the loan).]  Yet RESPA imposes duties only upon loan "servicers," as opposed to mere owners or assignees. *See, e.g.*, *Brouillette v. CitiMortgage, Inc.*, 2024 WL 2796529, at *11 (D.N.J. May 31, 2024) ("But the plain language of

16

### ii.    The TILA Claim is Barred by the Applicable Statute of Limitations

Finally, Plaintiffs' fifth cause of action is barred by TILA's one-year statute of limitations.  In this claim, Plaintiffs allege that Defendants violated TILA by failing to notify them of the April 2020 assignment of the mortgage to the Trust.  [Compl. ¶ 37.] "TILA's statute of limitations for alleged violations of the Section 1641(g)'s disclosure requirement is one year and runs from the date of the alleged violation."  *Leadbeater v. JP Morgan Chase, N.A.*, 2017 WL 4790384, at *11 (D.N.J. Oct. 24, 2017) (citing 15 U.S.C. § 1640(e)); *see also Mogavero v. Seterus, Inc.*, 2015 WL 3505521, at *5 (D.N.J. June 3, 2015) ("Actions under TILA must be brought within one year of the violation, which accrues on the 31st day after the sale or transfer.").  Accordingly, Plaintiffs' claim that they did not receive notice of the April 21, 2020 assignment of the mortgage to the Trust within thirty days, as required by TILA, accrued at the latest on May 22, 2020, meaning the statute of limitations expired on May 22, 2021.  But the Complaint was not filed until four years later.

Plaintiffs argue that equitable tolling should apply because they "did not discover the basis for their TILA claim until the conclusion of the loan modification

---

[RESPA] belies such a theory.  Section 1024.41 of Regulation X imposes duties only upon a 'servicer' of a mortgage, as opposed to an 'owner or assignee,' and Plaintiff has provided no authority to suggest that the doctrine of respondeat superior applies to violations of Regulation X."); *Hawk v. Carrington Mortg. Servs., LLC*, 2016 WL 4414844, at *4 (M.D. Pa. June 23, 2016), *report and recommendation adopted*, 2016 WL 4433665 (M.D. Pa. Aug. 17, 2016) ("Given [RESPA's] plain statutory text, it has been held that mortgage holders, who are not servicing loans, are not liable under RESPA for the alleged conduct of loan servicers." (collecting cases)).  Thus, Plaintiffs' RESPA claims against the Trust must be dismissed for this independent reason as well.

process in 2024." [Pls.' Opp'n at 5.]  As a preliminary matter, there are no allegations in the Complaint to support equitable tolling, and a pleading cannot be amended by an opposition brief.  *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").   In any event, Plaintiffs' argument strains credulity.  The mortgage assignment was publicly recorded in April 2021.  And the foreclosure complaint, filed against Plaintiffs on February 15, 2021, specifically stated that the mortgage was assigned to the Trust in March 2020 and recorded with the Burlington County Clerk/Register on April 21, 2020.  [Edwards Decl. Ex. A at ¶ 2(c).] Plaintiffs cannot claim ignorance of the assignment after this date.  Even if the TILA claim accrued as of the date of the foreclosure complaint, the statute of limitations has long since expired.  Accordingly, the TILA claim must also be dismissed as untimely and barred by the applicable statute of limitations.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.  The Complaint is **DISMISSED WITH PREJUDICE**.  An accompanying Order shall issue on this date.

/s/**Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

DATED: April 29, 2026

18